IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND HERRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOODFELLOW BROS. CALIFORNIA, LLC, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-06107-MMC<br><br>**ORDER SETTING FURTHER BRIEFING SCHEDULE; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 19 |

Before the Court is plaintiff Raymond Herrera's ("Herrera") "Motion to Remand," filed September 27, 2024.  Having considered the papers filed in support of and in opposition to the motion, the Court, for the reasons set forth below, finds supplemental briefing is necessary.[1]

In his complaint, filed in state court, Herrera asserted a single cause of action alleging a claim under the Private Attorneys General Act ("PAGA"), "individually, and on behalf of all aggrieved employees."  (See Compl. ¶ 64).  On August 28, 2024, defendants removed the complaint to district court, on the ground the asserted cause of action is preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (See Notice of Removal ¶ 8) (asserting "a large majority of the[ ] allegedly aggrieved employees" are covered by an LMRA-qualifying collective bargaining agreement ("CBA")).

By the instant motion, Herrera seeks an order remanding the case to state court, on the ground the district court lacks federal question jurisdiction.  (See Mot. to Remand

---

[1] By order filed October 29, 2024, the Court took the matter under submission.

at 4:7-16) (asserting preemption under LMRA § 301 is inapplicable, as plaintiff's employment "has never been covered by a CBA").

Although the parties have submitted extensive briefing on the issue of whether, for purposes of determining LMRA § 301 preemption, a court looks only to the plaintiff's individual PAGA claim or also to the PAGA claim brought on behalf of other aggrieved employees, the parties have not addressed an issue the Court deems equally significant, namely, whether a plaintiff who is not covered by a CBA and whose claim is brought under the California Labor Code has Article III standing to pursue a PAGA claim on behalf of aggrieved employees who are covered by a qualifying CBA and whose rights exist solely as a result of such CBA. See Magadia v. Wal-Mart Assocs., Inc., 999 F.3d 668, 678 (9th Cir. 2021) (holding plaintiff must have Article III standing to maintain PAGA claim in federal court; finding plaintiff lacked standing to bring meal-break PAGA and class claims where plaintiff himself suffered no meal-break injury).

Accordingly, the parties are hereby DIRECTED to file, no later than February 7, 2025, supplemental memoranda, not to exceed 10 pages in length, addressing plaintiff's Article III standing to pursue his PAGA claim on behalf of any aggrieved employees who are covered by a qualifying CBA.

Lastly, in light of the above, the Case Management Conference currently scheduled for February 14, 2025, is hereby CONTINUED to May 16, 2025.

**IT IS SO ORDERED.**

Dated: January 16, 2025

MAXINE M. CHESNEY
United States District Judge