IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>GOODFELLOW BROS. CALIFORNIA, LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-06107-MMC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 19 |

    Before the Court is plaintiff Raymond Herrera's ("Herrera") "Motion to Remand," filed September 27, 2024. Defendants Goodfellow Bros. California, LLC and Goodfellow Bros. LLC have filed opposition to which plaintiff has replied, after which, at the Court's direction, the parties filed supplemental briefing. The Court, having read and considered the parties' respective written submissions, hereby rules as follows.

    Although Herrera asserts a single cause of action alleging a claim under the Private Attorneys General Act ("PAGA") "on behalf of himself and other allegedly aggrieved employees who currently work or formerly work as non-exempt, hourly employees" (see Compl. ¶ 4), such claim is properly allocated among three separate categories: (1) plaintiff's individual claims; (2) plaintiff's representative claims brought on behalf of employees not covered by a collective bargaining agreement ("CBA"); and (3) plaintiff's representative claims brought on behalf of employees who are covered by a

CBA (hereinafter, the "CBA claims").  See Viking River Cruises, Inc. v. Moriana, 596 U.S. 639, 648-49 (2022) (finding "it makes sense to distinguish 'individual' PAGA claims, which are premised on Labor Code violations actually sustained by the plaintiff, from 'representative' (or perhaps quasi-representative) PAGA claims arising out of events involving other employees").

On August 28, 2024, defendants removed the Complaint to district court, on the asserted ground that plaintiff's claims are "preempted in whole or in part by Section 301 of the Labor Management Relations Act ('LMRA')" (see Notice of Removal ¶ 11), in that "a large majority of the[ ] allegedly aggrieved employees" were covered by an LMRA-qualifying CBA.  (See Notice of Removal ¶ 8);[1] see also 29 U.S.C. § 185(a) (providing "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States").

By the instant motion, Herrera seeks an order remanding the case to state court, on the asserted ground that the district court lacks federal question jurisdiction because he is a non-union employee who "has never been covered by a CBA".  (See Mot. to Remand at 4:7-16).

Pursuant to 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "[T]he [removal] statute is strictly construed, . . . and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotation and citation omitted).  "The burden of establishing federal jurisdiction is upon the party seeking removal," see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988), and subject matter jurisdiction is lacking in the absence of Article III standing, see Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist., 952 F.2d 1173, 1176 (9th Cir. 1992).  Accordingly,

---

[1] A qualifying CBA is one that provides employees with certain rights beyond those afforded under the California Labor Code, see, e.g., Cal. Lab. C. § 514.  For purposes of the instant order only, the Court finds the subject CBAs are qualifying CBAs.

1  "a removing defendant must allege facts in the notice of removal supporting the existence
2  of subject-matter jurisdiction and Article III standing." See Love v. Villacana, 73 F.4th
3  751, 755 (9th Cir. 2023).
4    Although a plaintiff may have statutory standing to bring representative PAGA
5  claims, his Article III standing to pursue such claims in federal court presents "a separate
6  inquiry." See Cooley v. ServiceMaster Co., LLC, No. 23-15643, 2024 WL 866123, at *2
7  (9th Cir. Feb. 29, 2024). "In order to have Article III standing, a plaintiff must have
8  suffered an injury in fact." Rivas v. Rail Delivery Serv., Inc., 423 F.3d 1079, 1082 (9th
9  Cir. 2005). Consequently, a plaintiff only has Article III standing to bring representative
10 PAGA claims predicated on violations as to which "he himself" suffered injury. See
11 Magadia v. Wal-Mart Assocs., Inc., 999 F.3d 668, 678 (9th Cir. 2021).
12   In the instant case, defendants acknowledge the sole basis for federal jurisdiction
13 is "LMRA Section 301 preemption" as to the CBA claims. (See Notice of Removal ¶ 24).
14 As discussed below, however, defendants fail to establish Herrera has Article III standing
15 to pursue his CBA claims.
16   There is no dispute that Herrera is not, and has never been, an employee covered
17 by a CBA. His alleged injuries thus arise from alleged violations of rights secured by the
18 California Labor Code and not out of injuries to rights secured by contract, namely, a
19 CBA. Under such circumstances, Herrera lacks Article III standing to pursue the CBA
20 claims, see Magadia, 999 F.3d at 678, and, as a result, the Court lacks subject matter
21 jurisdiction over the instant action, see Big Country Foods, 952 F.2d at 1176 (holding
22 "[s]tanding is a necessary element of federal-court jurisdiction") (internal quotation and
23 citation omitted); see also Magadia, 999 F.3d at 672, 678 (remanding meal-break claim
24 brought on behalf of "other Walmart employees" where plaintiff did not experience a
25 meal-break violation).
26   Although defendants ask the Court to defer making such finding until it has
27 addressed other matters, as, for example, a motion to dismiss, the Court declines to
28 adopt said proposed procedure, as "[w]ithout jurisdiction the court cannot proceed at all."

See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (holding, when jurisdiction "ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause").

Accordingly, Herrera's motion to remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of the State of California for the County of Alameda.

**IT IS SO ORDERED.**

Dated: May 6, 2025

MAXINE M. CHESNEY
United States District Judge